IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BERNICE WOLFE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.  **3:13-cv-00351-MJR-PMF** |
| | ) |
| **MIDLAND FUNDING LLC,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |

**<u>ORDER</u>**

**FRAZIER, Magistrate Judge:**

Before the court is Plaintiff Bernice Wolfe's (Doc. 37) motion to stay discovery or, in the alternative, for entry of a protective order.  Defendants Midland Credit Management, Inc. and Midland Funding, LLC have filed a response (Doc. 39).  A motion hearing was held on January 23, 2014.  For the following reasons, the (Doc. 37) motion to stay discovery or, in the alternative, for entry of a protective order is denied.

Plaintiff filed this case on April 10, 2013, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  Defendants allegedly sent a series of letters demanding payment of past due debt to Plaintiff, a senior citizen.  Accordingly to Plaintiff, the letters were false, deceptive, and misleading because they stated a higher amount due than what Plaintiff actually owed and the amount was increasing.

A scheduling conference was held in this case on July 26, 2013. *See* Doc. 28.  During the scheduling conference, the parties were informed that this case would move along at brisk pace and extensions to the discovery/dispostive motion deadlines and trial dates were unlikely to be granted.  A joint report of the parties was entered on that same date setting the discovery deadline in this case for January 15, 2014.

1

Sixteen days prior to the close of discovery (December 31, 2014), Plaintiff filed a motion for summary judgment. *See* Docs. 28, 36.  At this time, Plaintiff had yet to take a deposition that had been requested by the Defendants.  Eight days later and with just a week remaining in discovery (January 8, 2015), Plaintiff filed the instant (Doc. 37) motion to stay discovery or, in the alternative, for entry of a protective order.  Discovery closed in this case on January 15, 2014.  Plaintiff's deposition has yet to be taken.

The parties disagree as to what legal standard governs the outcome of this case.  The Defendants claim that the legal standard is both objective and subjective so the deposition is needed.  Plaintiff asserts that her deposition is not necessary because the standard is purely objective.  Additionally, counsel for Plaintiff claims that her client is 67 years old, has obtained only a 8th grade education, has learning disabilities, and is mentally and physically frail.  For these reasons, Plaintiff seeks a stay of discovery pending the resolution of her motion for summary judgment or a protective order forbidding her deposition.

As a starting point, discovery in this case will not be stayed.  The court's calendar cannot accommodate indefinite delays of the type requested by Plaintiff.  Additionally, Plaintiff has failed to demonstrate good cause for entry of a protective order.  "A party or any person from whom discovery is sought may move for a protective order..." FED. R. CIV. P. 26(c).  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" *Id*. The legal standard that will ultimately be applied to this case a decision that the presiding judge will make in due course.  Even if the legal standard that will be ultimately applied is purely objective, good cause has not been demonstrated to stay the case or forbid Plaintiff's deposition at this late stage.

The bottom line is that Plaintiff has filed a lawsuit. It is understandable that she does not want to be deposed, but the Defendants have a basic right to defend this lawsuit. Defendant may engage in discovery and spend money deposing Plaintiff even if the evidence obtained will not ultimately prove to be completely useful to them at trial. *See* FED. R. CIV. P. 26(b)(1). On the most fundamental level, Defendant may merely want to ascertain that an actual Plaintiff exists and/or inquire as to the basic factual background that Plaintiff claims lead to the filing of this lawsuit. In the end, Plaintiff has not cited a single FDCPA case where the deposition of Plaintiff was prohibited because the legal standard applicable at trial is objective.

Plaintiff has not satisfactorily demonstrated that her client will suffer annoyance, embarrassment, oppression, or undue burden or expense if the deposition proceeds. Plaintiff has provided no support that her client's physical or mental condition is so poor that she could not withstand sitting for a deposition in this case. *See* Docs. 37 – 37-1 (attaching only an email chain between counsel as support for the motion).

For the forgoing reasons, the (Doc. 37) motion to stay discovery or, in the alternative, for entry of a protective order is denied. Plaintiff shall be deposed within 21 days of this order at a convenient location for her. Further intentional delays of the deposition may result in sanctions being imposed. The Defendants may move separately for an extension of time to respond to Plaintiff's (Doc. 36) motion for summary judgment.

**SO ORDERED.**

**DATED: January 23, 2014.**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**